UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONELLE MURPHY,

                Petitioner,

       -against-

WARDEN,

                Respondent.

20-CV-3770 (CM)

ORDER DIRECTING ORIGINAL SIGNATURE AND PAYMENT OF FEE OR IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner Donelle Murphy, proceeding *pro se*, brings this petition for a writ of *habeas corpus*. Petitioner's submission does not comply with Fed. R. Civ. P. Rule 11(a) because it is not signed.[1] Petitioner also submitted the petition without the $5.00 filing fee or an application to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

    Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    Furthermore, to proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed IFP, submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Accordingly, within thirty days of the date of this order, Petitioner must submit the attached signature page with an original signature, and he must either pay the $5.00 filing fee or

---

[1] It appears that Petitioner did not include the last page of the petition form; it is this last page that requires Petitioner's signature.

complete, sign, and submit the attached IFP application. If Petitioner submits the signature page of his petition and the IFP application, both documents should be labeled with docket number 20-CV-3770 (CM). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. No answer shall be required at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 18, 2020
        New York, New York

                                               COLLEEN McMAHON
                                    Chief United States District Judge